**Charles ANGELO, et al., Petitioners,**

v.

**CHAMPION RESTAURANT
EQUIPMENT COMPANY,
Respondent.**

No. C–4903.

Supreme Court of Texas.

July 2, 1986.

Roger Townsend and W. Mark Lanier, Fulbright & Jaworski, Houston, for petitioners.

Emmett S. Huff and Rodney Jack Reynolds, Houston, for respondent.

ROBERTSON, Justice.

Champion Restaurant Equipment Company sued Charles Angelo and Angelo's Fisherman's Wharf Restaurant on April 24, 1981 to recover the balance due on an open account. Angelo did not answer, and a default judgment was rendered on February 6, 1985. On February 27, 1985, Angelo filed a motion for new trial claiming that after the suit had been filed payment was made in full. The trial court overruled the motion for new trial. The court of appeals, with one judge dissenting on motion for rehearing, affirmed. 702 S.W.2d 209. The court held that although the motion for new trial satisfied the requirements of showing failure to answer was due to accident or mistake and setting up a meritorious defense, it failed to satisfy the trial court that movants were ready to go promptly to trial and would reimburse plaintiff for all costs incurred in obtaining a default judgment. We reverse and remand.

The guidelines for trial courts to determine whether a motion for new trial should be granted were stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939).

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity.

133 S.W.2d at 126.

As the court of appeals points out, the first two criteria have been met. Angelo's failure to answer was not caused by conscious indifference but by the belief that payment according to the agreed schedule would cause the suit to be dismissed. Payment is a meritorious defense. The cancelled checks and affidavit of Angelo establish the prima facie evidence required. It is the third criteria under which the problem arises in this case.

The petitioners in their motion for new trial alleged that the granting of a new trial would occasion no delay or otherwise work an injury to the plaintiff. This fairly

tracks the language of the *Craddock* decision. However, the courts of appeals in applying the *Craddock* rules to the fact situations before them have found that often it is necessary for the defendant to offer to reimburse the plaintiff for the costs involved in obtaining their default judgment in order to avoid an injury to the plaintiff. *See e.g. Zonker v. Sullivan*, 650 S.W.2d 189 (Tex.App.—El Paso 1983, writ ref'd n.r.e.); *United Beef Producers, Inc. v. Lookingbill*, 528 S.W.2d 310 (Tex.Civ. App.—Amarillo 1975) *writ ref'd per curiam* 532 S.W.2d 958 (1976). Additionally, in order that there is no delay, the courts have looked more favorably upon defendants ready, willing and able to go to trial almost immediately. *See Nava v. Nationwide Financial Corp.*, 601 S.W.2d 478 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). Although these may be important factors for the court to look to in determining whether it should grant a new trial, they should not be the sine qua non of granting the motion. *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958 (Tex.1976).

Involved is an equitable principle, and the court should deal with the facts on a case-by-case basis in order to do equity. Failure to offer reimbursement should not in every instance preclude the granting of a new trial. *Dallas Heating Co., Inc. v. Pardee*, 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). The goal to be achieved is to not injure the plaintiff or unduly delay him by granting the motion. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124. In the case before us, the plaintiff had the opportunity to move for default judgment for more than three and three-quarters years and failed to do so. This fact, coupled with the allegation in the motion for rehearing that no injury or delay would be caused by granting a new trial should be sufficient where there is no controverting allegation by the plaintiff. *See Huddleston v. Speegle*, 557 S.W.2d 178 (Tex.Civ.App.—Waco 1977, writ ref'd n.r. e.).

The plaintiff stated that the defendant delayed seeking trial on the merits for three and three-quarters years. During this period of time, both the former president of Champion and the attorney who filed the suit died. The default judgment was not taken until after their deaths. The absence of these two as witnesses will cause an equal if not greater burden to be placed on the defendant. The defendants did not and could not delay the taking of a default judgment; it is incumbent upon the plaintiff to pursue its suit. Additionally, it should be noted that Angelo expressed the willingness to reimburse Champion for their expenses at oral argument at the court of appeals and in their brief to us. *See Dallas Heating Co., Inc. v. Pardee*, 561 S.W.2d 16. These expenses are within the exclusive knowledge of the plaintiff and the plaintiff should make the court aware of them. *See Huddleston v. Speegle*, 557 S.W.2d at 182. Because the record is absent of any evidence of hardship or undue delay which would be suffered by the plaintiff in this instance, the trial court should properly have granted the motion for new trial. *Dallas Heating Co., Inc. v. Pardee*, 561 S.W.2d at 22.

The judgment of the court of appeals is reversed and the cause remanded to the trial court for a new trial.