**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**HARTFORD INSURANCE as Subrogee of BLUE LINE PROMOTIONS INC., Appellee.**

No. 01–00–01305–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 24, 2002.

Publication Ordered March 28, 2002.

Russell J. Bowman, Scott, Bowman & Stella, Irving, for Appellant.

Andrew Paul Toubin, Loras & Block, LLP, Houston, Madison R. Jones, Houston, for Appellee.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.[1]

## OPINION

SAM NUCHIA, Justice.

Hartford Insurance sued Continental Casualty Company for damages that Hartford alleged it suffered as a result of the activity of Continental's agent. Continental was served, failed to answer, and Hartford sought and received a default judgment. Seeking relief from the default judgment, Continental filed a motion for new trial. The trial judge orally granted a new trial as to damages only, but did not sign an order. In its only point of error, Continental claims that the trial judge abused her discretion by failing to grant a new trial on all issues and by failing to give relief from the default judgment. We reverse and remand.

## BACKGROUND

Blue Line Promotions rented space in a building from Monroe Street Ventures. Blue Line Promotions was insured by appellee, Hartford. Monroe Street Ventures was insured by appellant, Continental. On February 12, 1999, a fire occurred on the Blue Line premises, and Blue Line sustained damages from the fire. A computer monitor on the premises was suspected to be the cause of the fire, but no final determination was ever made as to the cause or the origin of the fire.

In its original petition, appellee alleged that Steve Moore, an employee of appellant, entered the premises after the fire, and removed Blue Line's monitor before appellee could complete its investigation as to the cause of the fire. Appellee further alleged that appellant negligently removed the computer monitor "suspected" of causing the fire. Appellee alleged that, as a result of removing the monitor, appellant interfered with its subrogation rights, and proximately caused appellee damage.

Appellant's registered agent was served with process, and appellant failed to file a timely answer. Appellee sought and was granted a default judgment in the sum of $37,806.10 on August 15, 2000. On September 14, 2000, appellant filed a motion for new trial. In its response to appellant's motion for new trial, appellee responded that appellant failed to meet all the *Craddock v. Sunshine Bus Lines, Inc* requirements. Specifically, appellee asserted that appellant did not meet *Craddock*'s second element requiring a meritorious defense. *See Craddock v. Sunshine Bus Lines, Inc.* 134 Tex. 388, 133 S.W.2d 124 (1939)..

On October 19, 2000, the trial court considered the motion for new trial. The trial court orally granted the motion, but only as to damages, and no written order was ever entered. Thus, pursuant to rule 329b(c) of the Texas Rules of Civil Procedure, the motion was overruled as a matter of law on October 30, 2000, the seventy-fifth day following the entry of judgment. Appellant then timely filed an appeal.

## DISCUSSION

■■ In its only point of error, appellant argues that the trial court abused its discretion by failing to grant a new trial because appellant met all three elements required by *Craddock*. The trial court's decision to overrule a new trial motion is subject to review for abuse of discretion. *Old Republic Ins., Co. v. Scott,* 873 S.W.2d 381, 382 (Tex.1994). That discretion, how-

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

ever is "not an unbridled discretion to decide cases as they might," but must be guided by a three part test: (1) the defendant's failure to answer before judgment was not intentional, or the result of conscious indifference on the defendant's part, but was due to a mistake or accident, (2) the motion for new trial sets up a meritorious defense, and (3) the motion is filed at a time when its granting would not result in a delay or otherwise injure the plaintiff. *Id.* at 382 citing (*Craddock,* 133 S.W.2d at 126).

### Meritorious Defense

In its motion for new trial, appellant asserted two defenses: first, that the cause of action alleged in appellee's original petition was not a recognized cause of action in Texas and second, that appellant was not negligent when it removed the monitor from the fire scene for safekeeping. In its response to appellant's motion for a new trial, appellee claimed that appellant failed to meet the second *Craddock* requirement. The second *Craddock* element is determined based on facts alleged in the movant's motion for new trial and supporting affidavits, regardless of whether those facts are controverted. *Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 270 (Tex.1994). The motion for new trial should not be denied on the basis of any contradictory testimony that is offered by the opposing party. *Guar. Bank v. Thompson,* 632 S.W.2d 338, 339 (Tex.1982).

At common law, negligence consists of: (1) a legal duty owed by one person to another, (2) a breach of that duty and (3) damages proximately caused by that breach. *Firestone Steel Prods., Co. v. Barajas,* 927 S.W.2d 608, 609 (Tex.1996). Here, appellee claims appellant was guilty of the following acts of negligence:

a. ... failing to get authorized permission from Blue Line Promotion Inc. to remove its private property

b. ... removing Blue Line Promotion Inc.'s private property from the scene of the fire

c. not taking reasonable measures to preserve the evidence at the fire scene until the fire investigation was complete; and

d. the unnecessary and unreasonable interference with [appellee's] right of possible subrogation.

In its motion for new trial, appellant attached the affidavit of Glen Hardin, a consulting engineer with Unified Investigations and Sciences, Inc. The affidavit stated that the computer monitor was not destroyed and "has been left intact where it can be inspected by anyone who chooses to do so." Furthermore, Hardin stated that it "is standard practice ... to remove important evidence from a fire scene for safe-keeping ... an investigator would be negligent if he did not remove an important piece of fire scene evidence." Appellant has presented facts that contest the existence of a breach of duty and a cause of injury. These facts constitute a meritorious defense against appellee's claim. Accordingly, appellant meets the second *Craddock* requirement.

### Conscious Indifference

The first *Craddock* element requires that the failure to answer or appear was neither intentional nor the result of conscious indifference, but was due to accident or mistake. 133 S.W.2d at 126. When the factual assertions of the defendant's affidavits are not controverted, the defendant satisfies his or her burden if the affidavits set forth facts that, if true, negate intent or conscious indifference. *Scott,* 873 S.W.2d at 382; *Rabie v. Sonitrol*

*of Houston, Inc.,* 982 S.W.2d 194 (Tex. App–Houston (1st Dist.) 1998, no writ.)

Here, appellee presented no evidence to dispute appellant's affidavit. Instead, appellee only claims that appellant's affidavit is conclusory. Appellant presented an affidavit by Karen Maher, claims counsel for appellant, which set forth the detailed procedure that appellant followed in receiving and answering lawsuits filed against appellant. According to the affidavit, claims-related lawsuits are always to be forwarded to Maher, and she then forwards them to the responsible claim service center, which retains counsel to answer the suits. Maher's affidavit further explained that she never received the citation and, consequently, never filed it with the claim service center. Appellee claims that the affidavit is conclusory because it failed to explain why Maher never received the citations. However, appellant need not explain why the citation was not received. *See State Farm Life Ins. Co., v. Mosharaf,* 794 S.W.2d 578, 584 (Tex.App.-Houston [1st Dist.] 1990, writ denied) (even if an appellant's proof may show negligence on the part of its agents and fail to show *how* a filing mistake occurred, appellant still meets its burden to prove that its failure to answer was unintentional and not the result of conscious indifference).

Appellee also contends that Maher never had firsthand knowledge of what happened to the citation. This is not correct because she had firsthand knowledge that she never received the citation, and, as a result, the lawsuits were not timely answered. Accordingly, we hold appellant meets the first *Craddock* requirement.

### Undue Delay

The third and final *Craddock* element requires that movant file the motion for new trial at a time when the granting thereof will occasion no delay or otherwise injure the non-moving party. The two key questions in determining whether the non-moving party will be delayed or injured are: (1) whether the defendant offers to reimburse the plaintiff for the cost of obtaining the default judgment and (2) whether the defendant is ready, willing, and able to go to trial. *Angelo v. Champion Rest. Equip., Co.,* 713 S.W.2d 96, 98 (Tex.1986). When the defendant contends that it is ready to go to trial, and it will reimburse the plaintiff for the cost of obtaining the default judgment, it satisfies the third *Craddock* requirement. *Harold-Elliott Co., v. K.P. Miller Realty Growth Fund I,* 853 S.W.2d 752, 756 (Tex.App.-Houston [1st Dist.] 1993, no writ.)

Here, in its motion for new trial, appellant stated that it would reimburse appellee for all reasonable and necessary expenses incurred in obtaining the default judgment. In addition, appellant also stated that it was ready to proceed to trial.

In attempting to show injury, the only evidence appellee presented was about the computer monitor being removed from the scene of the fire, and that its removal was negligence on the part of the appellant. Furthermore, in its brief, appellee contends that "there would be no way to establish the source of the fire sufficient to sustain a Daubert challenge." Appellee's evidence only goes to the injury alleged in the lawsuit, and it does not show how granting the motion for new trial will cause injury or delay. Accordingly, we conclude that appellant meets the third *Craddock* requirement. Since appellant satisfies all three of the *Craddock* requirements, we sustain appellant's sole point of error.

We reverse the judgment and remand the case to the trial court.