IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00415-CV

 

Manuel Villegas,

                                                                                    Appellant

 v.

 

Heidi Henke Morse,

                                                                                    Appellee

 

 

 



From the County Court

Walker County, Texas

Trial Court No. 8080CV

 



MEMORANDUM  Opinion



 








Manuel Villegas challenges a default judgment
entered in favor of Heidi Morse.  Villegas asserts that the trial court erred
in denying his second and revised second motion for new trial because of a
mistake in determining whether he had been served.  In three issues, Villegas
argues that the trial court abused its discretion in entering the default
judgment and awarding damages supported by insufficient evidence.  We will
reverse and remand for a new trial.  

 

Background 

Morse was involved in a vehicle accident with Villegas,
an insured of Affirmative Insurance.  After negotiations to resolve the dispute
failed, Morse filed a personal injury suit against Villegas on November 18,
2005.  That same day, Morse’s attorney forwarded a copy of the petition to
Affirmative Insurance, and shortly thereafter Affirmative Insurance forwarded
the file to its outside defense counsel, Mark Burck of Burck, Lapidus &
Lanza, P.C., to handle the case.  Burck alleges that after receiving information
about the case, he contacted the clerk’s office to determine the status of
service on Villegas and was told that Villegas had not been served.  Janya
Bishop, Burck’s assistant, stated in her affidavit that she then began to check
the status of service with the clerk’s office every two weeks.  Burck also sent
a letter to Morse’s counsel asking that he inform him when Villegas had been
served.  In a letter response, Morse’s attorney refused to do so.

            Villegas was served on December 28,
2005.  Morse filed the return of service on January 9, 2006, and Villegas
failed to timely file an answer.  On January 31, 2006, Morse appeared at a
default judgment hearing, offered evidence, and the trial court signed a
no-answer default judgment in her favor for $167,733.86.  Burck claims that, unaware
of the default judgment, his firm continued to do routine service checks with
the clerk’s office, as well as negotiate Morse’s settlement claim, but was
repeatedly told that Villegas had not been served.  Burck claims that on March
3, 2006, he discovered that service was achieved on Villegas; he immediately
filed an answer and later filed a motion for new trial.  The trial court
declined to consider Villegas’s first motion for new trial, believing that it had
lost plenary power.  Villegas filed a petition for writ of mandamus and a
restricted appeal in this court, arguing that the default judgment was not a
final judgment.  We agreed and abated the appeal until the trial court signed
the final judgment.  The trial court subsequently held a hearing and entered a
final no-answer default judgment.  Villegas then brought this appeal anew, contending
that the trial court abused its discretion in denying his second motion for new
trial.

Motion for New Trial – Default Judgment 

 

In Villegas’s first issue, he contends that the
trial court abused its discretion in denying his second and revised second
motion for new trial.  Specifically, he argues that he satisfies the criteria
for setting aside a default judgment and granting a new trial set out by the
Supreme Court of Texas in Craddock because (1) his failure to answer was
accidental, (2) he has a meritorious defense, and (3) Morse will not be unduly
prejudiced by a new trial.  See Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 133 S.W.2d 124, 126 (1939).

Applicable
Law 

A trial court’s denial of a motion for new trial
is reviewed for abuse of discretion.  Director, State Employees Workers’
Comp. Div. v. Evans, 889 S.W.2d 266, 270 (Tex. 1994); Cliff v. Huggins,
724 S.W.2d 778, 778-79 (Tex. 1987).  An abuse of discretion occurs when a trial
court fails to correctly analyze or apply the law.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992).  In reviewing the judgment of the trial court
where there are no findings of fact and conclusions of law filed, the judgment
must be upheld on any legal theory that finds support in the evidence.  Lassiter
v. Bliss, 559 S.W.2d 353, 358 (Tex. 1977), overruled on other grounds,
Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768 (Tex. 1989).

However, as stated in Craddock "[w]hile
trial courts have some measure of discretion in the matter, as, in truth, they
have in all cases governed by equitable principles, it is not an unbridled
discretion to decide cases as they might deem proper, without reference to any
guiding rule or principle."  Craddock, 133 S.W.2d at 126.  Craddock
provides that a default judgment should be set aside and a new trial ordered in
any case in which: (1) the failure of the defendant to answer before judgment
was not intentional, or the result of conscious indifference on his part, but
was due to a mistake or an accident; (2) the motion for a new trial sets up a
meritorious defense and (3) is filed at a time when the granting thereof will
occasion no delay or otherwise work an injury to the plaintiff.  Evans,
889 S.W.2d at 268 (quoting Craddock, 133 S.W.2d at 126).  Thus, a trial
court abuses its discretion by not granting a new trial when all three elements
of the Craddock test are met.  Bank One, Texas, N.A. v. Moody,
830 S.W.2d 81, 85 (Tex. 1992).

We begin with whether Villegas’s failure to appear
at trial was the result of conscious indifference or was due to a mistake or an
accident.  Conscious indifference has been defined as “the failure to take some
action which would seem indicated to a person of reasonable sensibilities under
the same or similar circumstances.”  Young v. Kirsch, 814 S.W.2d 77, 81
(Tex. App.—San Antonio 1991, no writ).  As for showing accident or mistake, a
defaulting party must provide some excuse, though not necessarily a good
excuse, for failing to timely file an answer or appear.  Comanche Nation v.
Fox, 128 S.W.3d 745, 750 (Tex. App.—Austin 2004, no pet.).

Villegas argues that his failure to answer was
accidental and the result of misinformation given to him by the Walker County clerk’s office.  Morse argues that Villegas’s actions were consciously
indifferent because the evidence established that Villegas knew he had been
sued and his agents knew he had been sued, yet no action was taken.

The record reveals evidence that Villegas’s
failure to respond was the result of accident or mistake.  In his affidavit, Villegas alleges that after being served, he took
the lawsuit papers to the attorney he had hired to handle his traffic ticket
issued in the accident with Morse.  That attorney told him that he was unable
to help him with the civil suit.  Villegas then alleges that he spoke with
someone at Affirmative Insurance and acquired an understanding that his case
was under investigation.  He believed that his insurance company would handle
the case because they had already been in contact with Morse and had notified
him of their involvement in investigating Morse’s claim.  Additionally, he had
received a representation letter from the assigned defense counsel.[1]

Morse’s claim was assigned to Affirmative
Insurance litigation specialist Willie Winters.  Winters’s affidavit states
that he assigned Morse’s claim to outside defense counsel to be monitored for
service and, if service was accomplished for an answer to be filed.  Winters
did not receive notice from Morse’s attorney that service had been achieved on
Villegas until after the default judgment had been entered.

Burck, defense counsel for Villegas, also took
steps in handling Villegas’s case that do not reflect consciously indifferent
behavior.  Burck claims that his office checked the status of service with the Walker County clerk’s office, who reported no service had been achieved.  Burck’s office
then allegedly began to investigate the status of service once every two weeks,
and each time the clerk’s office reported no service.  Although Morse
challenges whether Burck’s office actually attempted to check the status of
service, it is obvious from Morse’s attorney’s letter, included in her response
to the motion for new trial that Burck’s office was inquiring about the status
of service.  In the letter, dated December 16, 2005, Morse’s counsel responds

In response to your recent correspondence in this
case, I am under no duty to notify you when Manuel Villegas is served with
process.  I value our professional relationship—as well as our friendship—but
the staff of Affirmative Insurance Services has used up all of our good will.  

 

This letter is uncontroverted evidence that
attempts were made on Villegas’s behalf to verify service of process and to
thereby file a timely answer.  In Freeman, we upheld a default judgment
when the appellant was unable to explain the nature of the mistake or accident that
caused the failure to timely answer.  Freeman v. Pevehouse, 79 S.W.3d
637, 645 (Tex. App.—Waco 2002, no pet.).  Here, we have evidence from both Morse
and Villegas that Affirmative Insurance and Burck actively tried to find out
when Villegas was served.  The affidavits here show neither intent nor
indifference and satisfy the first prong of Craddock.

Meritorious
Defense 

A motion for new trial should be granted if it
"sets up" a meritorious defense.  Ivy v. Carrell, 407 S.W.2d
212, 214 (Tex. 1966).  It is of no regard whether the alleged facts, which set
up the defense, are controverted.  Evans, 889 S.W.2d at 270.

In his answer, Villegas alleged that he was not
the sole proximate cause of the accident.  He alleges that Morse’s injuries and
damages were proximately caused by a third-party, were proximately caused by
her, or were proximately caused by pre-existing conditions.  Villegas supported
these allegations by arguing that (1) Morse was not driving as an ordinarily
prudent driver would have been driving under the same or similar circumstances,
and her actions contributed to the accident; (2) Morse failed to timely apply
her brakes and failed to keep a proper look-out; and (3) Morse did not appear
to be and denied being injured at the scene of the accident.  Morse contends
that Villegas’s allegations are not supported by “facts” and are only supported
by Villegas’s affidavit.  That is of no consequence in “setting up” a
meritorious defense for the Craddock test.  Under Craddock, a
meritorious defense has been set up if the facts alleged in the motion for new
trial and supporting affidavits set forth facts, which in law constitute a
meritorious defense, regardless of whether they are controverted.  Id.   Villegas set up a meritorious defense and, therefore, met the second
element of Craddock.  

Injury
or Delay

  It is often necessary for the movant to offer to
reimburse the non-movant for the costs involved in obtaining the default
judgment to avoid an injury to the non-movant.  Angelo v. Champion
Restaurant Equip. Co., 713 S.W.2d 96, 98 (Tex. 1986).  The courts have also
looked more favorably on movants who are ready, willing, and able to go to
trial almost immediately.  Id.  Once the movant alleges that the
granting of a new trial would not injure the non-movant, the burden of going
forward with proof of injury shifts to the non-movant.  Evans, 889
S.W.2d at 270.

Villegas alleged that granting a new trial would
not injure or delay Morse, as he offered to reimburse Morse for the costs
incurred in obtaining the default judgment and claimed that he was ready to
proceed with trial preparation.  Morse argued that she would be prejudiced by
having to incur trial preparation expenses for depositions and other pretrial
matters.  Trial preparation expenses will not injure Morse in the manner
contemplated by the Craddock test.  The case law is clear that only
proof of specific prejudices such as lost witnesses or evidence constitute
prejudice.  See Jackson v. Mares, 802 S.W.2d 48, 52 (Tex. App.—Corpus
Christi 1991, writ denied).  Although Morse argues that, because Villegas claimed
he was willing to proceed with trial preparation immediately, and not trial, he
has not met his burden under Craddock.  Courts look favorably on
defendants ready, willing, and able to go to trial almost immediately.  Angelo,
713 S.W.2d at 98.  We hold that Morse has failed to show an injury that would
negate Villegas’s prima facie showing of no undue delay or injury.  Having
found that Villegas proved all elements of the Craddock test, we sustain
his first issue.[2]




Conclusion

Because Villegas meets the three elements of Craddock
requiring a new trial in a default judgment case, the trial court abused its
discretion in denying Villegas's second and revised second motion for new
trial.  Thus, the judgment is reversed and the cause is remanded for further proceedings.

 

BILL VANCE

Justice

 

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Reversed and remanded 

Opinion delivered and
filed June 18, 2008

[CV06]









[1] When a defendant relies on his agent to file an
answer, he must demonstrate that both he and his agent were free of conscious
indifference.  Holt Atherton Indus, Inc.  v. Heine, 835 S.W.2d 80, 83 (Tex. 1992).





[2] Villegas
argues two additional points of error.  Because our resolution of Villegas’s
first issue is dispositive of this appeal, we do not address his remaining
issues.  Tex. R. App. P. 47.1.