COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-361-CV

 

 

QI NAN WENG                                                                    APPELLANT

 

                                                   V.

 

DENTON HIGHWAY HALTOM                                                   APPELLEE

ASSOCIATES, LTD.

 

                                              ------------

 

           FROM
THE 342ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Qi Nan Weng appeals the trial court=s denial
of his motion for new trial.  In one
issue, Weng argues that because he met the Craddock elements, the trial
court abused its discretion by denying his motion for new trial.  See Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 392B93, 133 S.W.2d 124, 126
(1939).  We will affirm.








On or
about January 30, 2003, Weng and Appellee Denton Highway Haltom Associates,
Ltd. (ADHHA@)
entered into a lease agreement for commercial space in Haltom City.  The lease term was for ten years beginning on
November 1, 2003, and ending on October 31, 2013.  On June 16, 2008, Weng subleased the space to
Ryan James Pace, with the consent of DHHA. 
Under the terms of the sublease, Pace assumed the duty to perform and
comply with the terms of the original contract together with Weng and agreed to
be jointly and severally liable for any default.

Pace
subsequently failed to make the lease payments as required by the sublease, and
DHHA declared the lease in default.  DHHA
then liquidated the property remaining in the leased premises and leased the
space to another tenant.








DHHA
sued Weng and Pace, and on June 30, 2009, DHHA filed a motion for summary
judgment against Weng and Pace.  On July
30, 2009, the trial court granted DHHA=s motion
for summary judgment against Weng after Weng failed to respond to the motion.[2]  The trial court granted a default judgment
against Pace after he failed to answer or appear.[3]  On August 28, 2009, Weng filed a motion for
new trial, which the trial court denied on September 24, 2009.  Weng appeals.

In his
sole issue, Weng argues that because A[t]he
evidence was legally and factually sufficient to show that [he] met the factors
set out in Craddock for the granting of a new trial,@ the
trial court abused its discretion by denying his motion for new trial.[4]  DHHA responds that because Weng did not meet
the second and third prongs of the Craddock test, the trial court did
not abuse its discretion.

We
review a trial court=s refusal to grant a motion for
new trial for an abuse of discretion.  Dolgencorp
of Tex., Inc. v. Lerma, 288 S.W.3d 922, 926 (Tex. 2009); Cliff v.
Huggins, 724 S.W.2d 778, 778 (Tex. 1987). 
The trial court abuses its discretion if it acts without reference to
any guiding principles or acts arbitrarily or unreasonably.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex. 1985), cert. denied,
476 U.S. 1159 (1986).








In Craddock,
the Texas Supreme Court held that a default judgment should be set aside and a
new trial granted when the defaulting party establishes that (1) the
failure to appear was not intentional or the result of conscious indifference,
but was the result of an accident or mistake, (2) the motion for new trial
sets up a meritorious defense, and (3) granting the motion will occasion
no delay or otherwise injure the plaintiff. 
134 Tex. at 392B93, 133 S.W.2d at 126; see
Dolgencorp, 288 S.W.3d at 925.

Regarding
the third element, once a movant alleges that a new trial would not injure the
plaintiff, the burden of proof shifts to the plaintiff to prove injury.  Dolgencorp, 288 S.W.3d at 929; Dir.,
State Employees Workers= Comp.
Div. v. Evans, 889 S.W.2d 266, 270 (Tex. 1994); Estate of
Pollack v. McMurrey, 858 S.W.2d 388, 393 (Tex. 1993).  Two important factors in determining whether
the plaintiff would be delayed or injured are (1) whether the movant
offers to reimburse the plaintiff for the costs involved in obtaining the
default judgment and (2) whether the movant is ready, willing, and able to
go to trial almost immediately.  Angelo
v. Champion Rest. Equip. Co., 713 S.W.2d 96, 98 (Tex. 1986); Cont=l Cas.
Co. v. Hartford Ins., 74 S.W.3d 432, 436 (Tex. App.CHouston
[1st Dist.] 2002, no pet.).








Here,
Weng failed to address the third Craddock element in his motion for new
trial and supporting affidavits.  See
Dolgencorp, 288 S.W.3d at 929 (stating that once the defendant alleged that
the granting of a new trial would not injure the plaintiff, the burden shifted
to the plaintiff to prove injury); Evans, 889 S.W.2d at 270 (holding
that the burden does not shift to the plaintiff to show injury until the
defendant alleges that the plaintiff would not be injured by the granting of a
new trial).  In his motion for new trial,
Weng alleged that his failure to appear was the result of an accident in
scheduling and that he has a meritorious defense.  However, he did not address whether DHHA
would be injured or suffer a delay because of the granting of the motion for
new trial.  Nor did Weng address the two Angelo
factors in his motion and supporting affidavits.  See Angelo, 713 S.W.2d at 98.  Because Weng did not address the third Craddock
factor in his motion for new trial or in his supporting affidavits, we hold
that the trial court did not abuse its discretion by denying his motion for new
trial.  See Craddock, 134 Tex. at
392B93, 133
S.W.2d at 126.  Accordingly, we overrule
Weng=s sole
issue and affirm the trial court=s order.

 

 

BILL MEIER

JUSTICE

 

PANEL:  GARDNER and MEIER, JJ.;
and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

 

DELIVERED:  July 22, 2010











[1]See Tex. R. App. P. 47.4.





[2]Weng states that he and
his attorney Adid not realize the
mistake until the order granting summary judgment was forwarded by DHHA=s counsel, and at that
point, neither Weng nor his attorney had any recourse to file a late response
or request a continuance.@





[3]Pace is not a party to
the present appeal.





[4]Weng thus applies Craddock
and does not raise any argument or issue in this case as to whether the
three Craddock elements are the applicable test.