

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-361-CV

QI NAN WENG                                                    APPELLANT

V.

DENTON HIGHWAY HALTOM                                          APPELLEE
ASSOCIATES, LTD.

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Qi Nan Weng appeals the trial court's denial of his motion for new trial. In one issue, Weng argues that because he met the *Craddock* elements, the trial court abused its discretion by denying his motion for new trial. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392–93, 133 S.W.2d 124, 126 (1939). We will affirm.

---

[1] ... *See* Tex. R. App. P. 47.4.

On or about January 30, 2003, Weng and Appellee Denton Highway Haltom Associates, Ltd. ("DHHA") entered into a lease agreement for commercial space in Haltom City. The lease term was for ten years beginning on November 1, 2003, and ending on October 31, 2013. On June 16, 2008, Weng subleased the space to Ryan James Pace, with the consent of DHHA. Under the terms of the sublease, Pace assumed the duty to perform and comply with the terms of the original contract together with Weng and agreed to be jointly and severally liable for any default.

Pace subsequently failed to make the lease payments as required by the sublease, and DHHA declared the lease in default. DHHA then liquidated the property remaining in the leased premises and leased the space to another tenant.

DHHA sued Weng and Pace, and on June 30, 2009, DHHA filed a motion for summary judgment against Weng and Pace. On July 30, 2009, the trial court granted DHHA's motion for summary judgment against Weng after Weng failed to respond to the motion.[2] The trial court granted a default judgment

---

[2] ... Weng states that he and his attorney "did not realize the mistake until the order granting summary judgment was forwarded by DHHA's counsel, and at that point, neither Weng nor his attorney had any recourse to file a late response or request a continuance."

against Pace after he failed to answer or appear.[3] On August 28, 2009, Weng filed a motion for new trial, which the trial court denied on September 24, 2009. Weng appeals.

In his sole issue, Weng argues that because "[t]he evidence was legally and factually sufficient to show that [he] met the factors set out in *Craddock* for the granting of a new trial," the trial court abused its discretion by denying his motion for new trial.[4] DHHA responds that because Weng did not meet the second and third prongs of the *Craddock* test, the trial court did not abuse its discretion.

We review a trial court's refusal to grant a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987). The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

In *Craddock*, the Texas Supreme Court held that a default judgment should be set aside and a new trial granted when the defaulting party

---

[3] ... Pace is not a party to the present appeal.

[4] ... Weng thus applies *Craddock* and does not raise any argument or issue in this case as to whether the three *Craddock* elements are the applicable test.

3

establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. 134 Tex. at 392–93, 133 S.W.2d at 126; *see Dolgencorp*, 288 S.W.3d at 925.

Regarding the third element, once a movant alleges that a new trial would not injure the plaintiff, the burden of proof shifts to the plaintiff to prove injury. *Dolgencorp*, 288 S.W.3d at 929; *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 393 (Tex. 1993). Two important factors in determining whether the plaintiff would be delayed or injured are (1) whether the movant offers to reimburse the plaintiff for the costs involved in obtaining the default judgment and (2) whether the movant is ready, willing, and able to go to trial almost immediately. *Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986); *Cont'l Cas. Co. v. Hartford Ins.*, 74 S.W.3d 432, 436 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Here, Weng failed to address the third *Craddock* element in his motion for new trial and supporting affidavits. *See Dolgencorp*, 288 S.W.3d at 929 (stating that once the defendant alleged that the granting of a new trial would not injure the plaintiff, the burden shifted to the plaintiff to prove injury); *Evans*,

4

889 S.W.2d at 270 (holding that the burden does not shift to the plaintiff to show injury until the defendant alleges that the plaintiff would not be injured by the granting of a new trial).  In his motion for new trial, Weng alleged that his failure to appear was the result of an accident in scheduling and that he has a meritorious defense.  However, he did not address whether DHHA would be injured or suffer a delay because of the granting of the motion for new trial.  Nor did Weng address the two *Angelo* factors in his motion and supporting affidavits.  *See Angelo*, 713 S.W.2d at 98.  Because Weng did not address the third *Craddock* factor in his motion for new trial or in his supporting affidavits, we hold that the trial court did not abuse its discretion by denying his motion for new trial.  *See Craddock*, 134 Tex. at 392–93, 133 S.W.2d at 126.  Accordingly, we overrule Weng's sole issue and affirm the trial court's order.

BILL MEIER
JUSTICE

PANEL:  GARDNER and MEIER, JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DELIVERED:  July 22, 2010

5