

NUMBER 13-09-00198-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROBERT SUTHERLAND, JESUS DE LA GARZA, AND
SOUTHERN CUSTOMS PAINT AND BODY,                    Appellants,

v.

ROBERT KEITH SPENCER,                                        Appellee.

**On appeal from the County Court at Law No. 4
of Nueces County, Texas.**

# MEMORANDUM OPINION ON REMAND[1]

---

[1] The procedural and factual histories of this case were set forth in our first opinion, as well as by the Texas Supreme Court, and we incorporate those histories herein. *See Sutherland v. Spencer*, No. 13-09-00198-CV, 2010 WL 3180365, at \*\*1–6 (Tex. App.—Corpus Christi, Aug. 12, 2010) (mem. op.), *rev'd*, *Sutherland v. Spencer*, No. 10-0750, 2012 WL 2476809 (Tex. June 29, 2012). Because this case is on remand and the parties are familiar with the factual and procedural histories of this case, we will not repeat them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.1, 47.4.

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion on Remand by Justice Benavides**

This case involves an appeal from a default judgment and is before us for the second time. *See Sutherland v. Spencer*, No. 13-09-00198-CV, 2010 WL 3180365, at **1–6 (Tex. App.—Corpus Christi, Aug. 12, 2010) (mem. op.), *rev'd*, *Sutherland v. Spencer*, No. 10-0750, 2012 WL 2476809 (Tex. June 29, 2012).

In our previous opinion, we concluded that the trial court did not abuse its discretion in denying appellants Robert Sutherland, Jesus De La Garza, and Southern Customs Paint and Body's motion for new trial because the appellants failed to satisfy the first factor of the three-part *Craddock* test to set aside a default judgment. *See Sutherland*, 2010 WL 3180365 at *6 (citing *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392, 133 S.W.2d 124, 126 (1939)). The Texas Supreme Court reversed our judgment "[b]ecause [appellants] asserted facts that, if true, negate intentional or consciously indifferent conduct," and remanded the case for our consideration of the remaining *Craddock* factors. *Sutherland*, 2012 WL 2476809, at *1. We reverse and remand.

## I. *CRADDOCK* TEST

Appellants assert in their sole issue that the trial court erred by not granting their motion for new trial to set aside a default judgment.

---

Furthermore, we note that the style of our previous case reflected the parties as they were originally named in the trial court, including "Jesse Garza." The Texas Supreme Court corrected the style of the case to reflect "Jesus De La Garza" as the legal name of one of the appellants and not "Jesse Garza" as initially pled. *See Sutherland*, 2012 WL 2476809 *1 n. 1. Accordingly, we will follow the Texas Supreme Court's guidance and change our opinion's case style to reflect De La Garza's legal name.

**A.     Applicable Law and Standard of Review**

A default judgment should be set aside and a new trial ordered in any case in which:

> (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident;
>
> (2) provided the motion for a new trial sets up a meritorious defense; and
>
> (3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Dir., State Employees' Workers Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (citing *Craddock*, 133 S.W.2d at 126).

Whether to grant or deny a motion for new trial is within the trial court's discretion, and the trial court's ruling will not be disturbed on appeal absent a showing that the trial court abused its discretion.   *See Evans*, 889 S.W.2d at 268.   A trial court abuses its discretion by not granting a new trial when all three factors of *Craddock* are met.   *Id.* (citing *Bank One, Tex. N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992)); *see In re A.P.P.*, 74 S.W.3d 570, 573 (Tex. App.—Corpus Christi 2002, no pet.).

**B.     Discussion**

In light of the Texas Supreme Court's holding that the appellants in this case satisfied the first factor of *Craddock*, *see Sutherland*, 2012 WL 2476809, at *1, we address the remaining two factors.

**1.  Meritorious Defense**

*Craddock's* second factor requires that the appellants set up a meritorious

3

defense in their motion for new trial. *See Craddock*, 133 S.W.2d at 126. Generally, the defaulting defendant must allege facts which in law would constitute a defense to the cause of action asserted by the underlying plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

Spencer alleged various Deceptive Trade Practices Act (DTPA) causes of action against appellants, which included: (1) "laundry list" violations,[2] *see* TEX. BUS. & COMM. CODE ANN. §§ 17.46(b); 17.50(a)(1) (West 2011); (2) breach of warranty,[3] *see id.* § 17.50(a)(2) (West 2011); and (3) unconscionable conduct,[4] *see id.* § 17.50(a)(3) (West 2011); Spencer contended that these DTPA infractions were the producing cause of his damages.

Here, the appellants supported their motion for new trial with separate affidavits from De La Garza and Sutherland. De La Garza and Sutherland make virtually identical contentions in their respective affidavits. In part, the affidavits assert that

---

[2] These alleged violations included:

> (1) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, and they are not;

> (2) knowingly making false or misleading statements of fact about the need for parts, replacement, or repair service; and

> (3) falsely representing that work or services had been performed on or parts replaced in goods.

[3] Spencer alleged that the appellants breached an express and implied warranty of fitness for a particular purpose because Spencer's vehicle will never be restored to the level it would have been had it not been for the appellants' work.

[4] Spencer alleged that the appellants engaged in unconscionable action which took advantage of Spencer's lack of knowledge, ability, experience, or capacity to a grossly unfair degree—that is, in the field of automobiles.

appellants and Spencer agreed to make modifications to the original service agreement because Spencer wanted a replacement engine for his Corvette. Further, appellants state that when Spencer picked up his car from the appellants' shop, "he had no complaints about the work we performed." Appellants' affidavit also states that Spencer declined to repaint the vehicle—even after the appellants offered to correct color inconsistencies on the Corvette's paint job—because Spencer was satisfied with the paint. The affidavits also acknowledge that Spencer returned to their shop to recover pieces from his car which were missing. Appellants admit to returning some of the missing items in their possession, but those items do not include all the items Spencer alleged to be missing. The affidavits further state that the work performed on Spencer's vehicle was not shoddy, no misrepresentations were made, and that they did not breach any duties owed to Spencer.

We conclude that the appellants' affidavits, if true, set up meritorious defenses in law which would negate all, or some, of Spencer's DTPA causes of action—that is, (1) no "laundry list" violations occurred; (2) no breach of express or implied warranty took place; and (3) the appellants' actions were not unconscionable. *See id.* § 17.50(a) (requiring a DTPA consumer to prove that the alleged violations were the producing cause of his economic damages or damages for mental anguish).

### 2. Delay or Injury

The third factor under *Craddock* requires that the motion for new trial be filed when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Evans*, 889 S.W.2d at 270. Once a defaulted defendant has alleged that

5

granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff, for these matters are "peculiarly within the plaintiff's knowledge." *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987); *see Evans*, 889 S.W.2d at 270.

Two considerations courts examine when analyzing the final *Craddock* factor are: (1) whether the defendants have offered to reimburse the plaintiff for the costs involved in obtaining their default judgment to avoid further injury to the plaintiff; and (2) whether the defaulted defendants are ready, willing, and able to go to trial immediately. *See Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986); *In re A.P.P.*, 74 S.W.3d at 575. However, the foregoing considerations, while relevant, are not dispositive as to whether a court should grant a new trial. *See Angelo*, 713 S.W.2d at 96. Instead, we must "deal with the facts on a case-by-case basis in order to do equity" because "[t]he goal to be achieved is to not unduly delay or injure the plaintiff by granting the motion." *Evans*, 889 S.W.2d at 270; *Angelo*, 713 S.W.2d at 96.

Here, each appellant's respective affidavit states that he is ready and willing to go to trial immediately. Additionally, we note the appellants' willingness to compensate Spencer for reasonable costs and attorney's fees incurred while obtaining the default judgment. The amount of expenses—which appellants are admittedly willing to pay—is within Spencer's exclusive knowledge and should be brought to the trial court's attention for redress. *See Angelo*, 713 S.W.2d at 98. After appellants made these assertions in their motion for new trial, the burden then shifted to Spencer to prove that going forward would create injury or undue delay. *See Cliff*, 724 S.W.2d at 779. Spencer, however,

6

failed to offer any evidence to show injury or undue delay that he would experience as a result of granting a new trial. Therefore, the final factor of *Craddock* is met.

In summary, we conclude that the trial court abused its discretion by denying appellants' motion for new trial because all three *Craddock* factors have been met. Accordingly, the appellants' sole issue on appeal is sustained.

## II. CONCLUSION

We reverse the trial court's denial of the appellants' motion for new trial and remand for a new trial on the merits. Additionally, we remand to the trial court to conduct a proceeding consistent with this opinion to determine what, if any, reasonable costs and attorney's fees are due to Spencer for obtaining the default judgment against appellants.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
30th day of August, 2012.

7