**REVERSE and REMAND; and Opinion Filed December 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01090-CV

**ZOHRA KHWAJA, Appellant**

**V.**

**QUIK-WAY RETAIL ASSOCIATES II, LTD., Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-01589**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Francis

Zohra Khwaja appeals the trial court's denial of her motion for new trial. In a single issue, Zohra argues the trial court abused its discretion because she satisfied all three elements set out in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392, 133 S.W.2d 124, 126 (1939). We agree. We reverse the trial court's default judgment against Zohra and remand this cause for further proceedings.

In 2011, Zohra formed Akbar Alesha, LLC and opened a convenience store/gas station. Akbar Alesha contracted with Quik-Way Retail Associates II, Ltd. to purchase gasoline and agreed to brand the facility as a Shell station. Zohra signed the contract on behalf of Akbar Alesha and signed a personal guaranty of the contract. Zohra had a full-time job, so when the station opened in late 2011, Zohra's sister, Nazli, agreed to manage the business, including ordering gas and other supplies, hiring and training employees, and handling the financial

aspects of the business. Despite their efforts, the store lost money; according to the sisters, this was in large part because Quik-Way failed to timely supply gas to the store causing a decline in sales. In the spring of 2012, Akbar Alesha sued Quik-Way for breach of contract. Quik-Way filed a counterclaim and a motion for summary judgment which the trial court granted, awarding Quik-Way over $66,000. In December 2013, Akbar Alesha ceased operations and filed for bankruptcy.

In February 2014, Quik-Way sued Zohra for breach of contract and sued both sisters for various causes of action based on fraud, unjust enrichment, negligent misrepresentation, and civil conspiracy, among other claims. When the sisters did not answer, Quik-Way moved for a no-answer default judgment. Quik-Way presented no evidence of damages but did present evidence on its claim for attorney's fees. The trial court granted default judgment for Quik-Way, awarding over $344,000 in damages, exemplary damages, and attorney's fees.

Zohra and Nazli filed a timely motion for new trial, asking the trial court to set aside the default judgment and grant them a new trial. In their motion, the sisters alleged their failure to answer was not intentional or the result of conscious indifference, but was due to a mistake or accident in that they believed they had hired an attorney and he was preparing an answer. They also asserted they had a meritorious defense to the claims and that the granting of their motion for new trial would not occasion delay or otherwise work an injury to Quik-Way. In its response, Quik-Way objected to the sisters' affidavits and generally argued they failed to establish the three elements. After a hearing, the trial court granted Nazli's motion for new trial but denied Zohra's.

In her sole issue, Zohra claims the trial court abused its discretion by denying her motion for new trial because she satisfied all three *Craddock* elements. We review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Hinkle v. Hinkle*, 223 S.W.3d

773, 783 (Tex. App.—Dallas 2007, no pet.). A default judgment should be set aside if the defendant proves: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) a new trial would cause neither delay nor undue prejudice. *Craddock*, 133 S.W.2d at 126. When a defaulting party moving for new trial meets all three elements of the *Craddock* test, a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994).

We begin with the first element. A defendant is consciously indifferent when she "knew [she] was sued but did not care." *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). A defendant satisfies her burden under this element when her factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *Id*.; *see In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam) ("[S]ome excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care.").

Although Quik-Way objected to the affidavits and other evidence filed in support of the motion for new trial, it did not secure any rulings on its objections; thus, we consider all the evidence in support of the motion for new trial. Zohra first asserted her failure to answer was not intentional or conscious indifference but was due to accident or mistake, namely miscommunications with counsel. In her affidavit, Zohra explained that her sister Nazli handled the financial and personnel matters in the business and was the day manager of the store. After they were sued, Nazli said she would handle the lawsuit. According to Zohra, Nazli was more educated and did not have a full-time outside job. Zohra said she relied on her sister and

believed a lawyer had been hired and that an answer had been filed. Nazli's affidavit and attachments further supported Zohra's assertions.

A party's belief that she had taken the appropriate steps to hire counsel is not consciously indifferent conduct, nor does it show Zohra knew she was being sued but did not care. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984) (failure to answer not the result of intentional act or conscious indifference when defendant presented uncontroverted evidence of breakdown in communication as to who was mailing lawsuit documents to attorney). We conclude the evidence shows Zohra's failure to answer was neither intentional nor the result of consciously indifferent conduct, and she provided a sufficient excuse to satisfy the first element of the *Craddock* test.

The second element of the *Craddock* test requires a defendant to "set up" a meritorious defense in its motion for new trial. *Dolgencorp*, 288 S.W.3d at 927. This does not require proof "in the accepted sense." *Id*. at 927−28. Rather, the motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Id*. at 928. Once such requirements are met, controverting evidence offered by the nonmovant should not be considered. *Id*.

In her motion for new trial, Zohra alleged the underlying suit was a simple breach of contract case but that the majority of Quik-Way's claims against the sisters sounded in tort. Zohra stated that, although Quik-Way claims she misrepresented facts and concealed facts that were material, Quik-Way did not elaborate on what those alleged facts were and did not describe any representations or statements by either sister that were untrue. In their affidavits, Zohra and her sister testified they did not make misrepresentations or intend to defraud Quik-Way. This raises a meritorious defense with respect to Quik-Way's tort claims against her.

–4–

With respect to Quik-Way's claim for breach of contract, Quik-Way alleged Zohra "entered in various agreements" with Quik-Way

> including, but not limited to, the MFSC Guaranty and the Incentive Agreement Guaranty. The agreements are binding and enforceable agreements between Plaintiff and Zohra Khwaja. The breaches of contract by Zohra Khwaja resulted in injury to Plaintiff.

In her motion for new trial and affidavit, Zohra contended she has a defense to Quik-Way's breach of contract claim against her because Quik-Way breached first by not delivering gas and by withholding credit card payments. In response, Quik-Way noted the trial court granted its no-evidence summary judgment, "Zohra acknowledges" this in her affidavit, and therefore, she has no defense to the breach of contract claim raised here. The no-evidence summary judgment is not in this record, nor are any of the pleadings from that case. Thus, we cannot determine whether Zohra is prevented from raising any defense to the breach of contract claims asserted by Quik-Way in this case. Furthermore, because the trial court's judgment awards a lump sum in damages, we cannot determine what damages, if any, were awarded on Quik-Way's breach of contract claim. We conclude Zohra raised a meritorious defense as to Quik-Way's breach of contract claims.

Finally, the purpose of the third element of the *Craddock* test is to protect a plaintiff against undue delay or injury that would result in a disadvantage when presenting the merits of its case at a new trial, such as the loss of a witness or other critical evidence. *See id.* at 929. Once a defendant alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff. *Id.*

Zohra asserted that granting a new trial would not delay or otherwise injure Quik-Way since less than a month had passed since the default judgment was taken and that she and Nazli were ready to go forward with the case. The burden then shifted to Quik-Way to disprove this assertion. In response, Quik-Way merely stated "Defendants have exhibited a pattern of delay

–5–

tactics aimed at preventing Plaintiff from collecting on its Final Judgment." But Quik-Way did not allege a specific injury, such as the loss of witnesses or valuable evidence. We conclude Quik-Way did not prove that the granting of a new trial would cause such harm or injury as to preclude the granting of a new trial. *See id.* Thus, Zohra satisfied her burden with respect to the third element of the *Craddock* test.

To the extent Quik-Way asserts Zohra did not offer to reimburse Quik-Way for the costs incurred or state she was willing to go to trial immediately, we note that while these are important factors to examine, they are not dispositive of whether the motion should be granted. *Dir., State Emp. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 n.3 (Tex. 1994); *see Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 97 (Tex. 1986) (holding that although offer to reimburse plaintiff for costs incurred in obtaining default judgment or readiness for trial may be important factors for trial court to consider, they are not preconditions for granting motion; court must deal with facts on case-by-case basis in order to do *equity*; furthermore, once defendant alleged granting of new trial will not delay or otherwise injure plaintiff, burden of going forward with proof of injury shifts to plaintiff). Because Zohra's motion for new trial satisfied all three elements of the *Craddock* test, she is entitled to a new trial. We sustain her issue on appeal.

We reverse the default judgment and remand the cause to the trial court for further proceedings.

/Molly Francis/
_____
MOLLY FRANCIS
JUSTICE

141090F.P05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ZOHRA KHWAJA, Appellant

No. 05-14-01090-CV　　　V.

QUIK-WAY RETAIL ASSOCIATES II,
LTD., Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-01589.
Opinion delivered by Justice Francis,
Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant ZOHRA KHWAJA recover her costs of this appeal from appellee QUIK-WAY RETAIL ASSOCIATES II, LTD..

Judgment entered this 28th day of December, 2015.