ACCEPTED
05-18-00168-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/4/2018 11:42 AM
LISA MATZ
CLERK

**ORAL ARGUMENT REQUESTED**

No. 05-18-00168-CV

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/4/2018 11:42:00 AM
LISA MATZ
Clerk

IN THE COURT OF APPEALS

FOR THE FIFTH DISTRICT OF TEXAS

AT DALLAS

_____

**WARREN GATTENBY**
Appellant

vs.

**TIB-THE INDEPENDENT BANK**
Appellee

_____

On Appeal from the 193rd District Court
Dallas County, Texas
Trial Court Cause No. DC-17-12078

_____

**APPELLANT'S BRIEF**

_____

**Robert M. Clark**
State Bar No. 04298200
Eddleman & Clark
4627 N. Central Expressway
Dallas, Texas 75205-4022
(Voice) 214.528.2400
(Fax) 214.528.2434
RMC@RobertMClark.net

ATTORNEY FOR APPELLANT

1

## <u>IDENTITY OF PARTIES AND COUNSEL</u>

In accordance with Rule 38.1 of the *Texas Rules of Appellate Procedure*, Appellant Warren Gattenby certifies that the following is a complete list of all parties with any interest in this Appeal from a Default Judgment by the Hon Carl Ginsberg, Presiding Judge of the 193rd Judicial District Court.

Appellant                    **WARREN GATTENBY**

Appellant's Attorney     ROBERT M. CLARK
Eddleman & Clark
4627 North Central Expressway
Dallas, Texas 75205-4022
(Voice) 214.528.2400
(Fax) 214.528.2434
RMC@RobertMClark.net

Appellee                    **TIB-THE INDEPENDENT BANK**

Appellee's Attorney      Christopher R. DeLoney
The DeLoney Law Group
6440 N. Central Expressway, Suite 850
Dallas, TX 75206
(voice) 214.741.7911
(fax) 214.573.7970
chris@deloneylawgroup.com

---

# REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 39.7 of the *Texas Rules of Appellate Procedure*, Appellant Warren Gattenby requests oral argument in this case.

# TABLE OF CONTENTS

Identity of Parties and Counsel....................................................... ii

Request for Oral Argument............................................................ iii

Table of Contents........................................................................ iv

Index of Authorities:
    Case Law............................................................................ vi
    Statutes............................................................................. vi

Statement of the Case .................................................................. 1

Statement of Jurisdiction ............................................................. 3

Issues Presented:
Issue 1 ...................................................................................... 4
    Sub-issue 1a ......................................................................... 4
    Sub-issue 1b ......................................................................... 4
    Sub-issue 1c ......................................................................... 4

Statement of the Facts.................................................................. 5

Summary of the Argument ........................................................... 9

Argument and Authorities:

I.   The District Court abused its discretion in finding that a new
    trial was not warranted under C*raddock*........................................ 10

II.  The Elements or Prongs of the *Craddock* Test
    A. First Prong. The District Court Correctly Found that the
       First Element of the *Craddock* Test was Satisfied ................... 12
    B. Gattenby Satisfied the Second Element of the *Craddock* Test.. 16
    C. Gattenby Satisfied the Third Element of the *Craddock* Test..... 20

Prayer for Relief........................................................................ 21

Signature Page ............................................................................... 22

Certificate of Service ................................................................... 22

Certificate of Compliance ............................................................ 22


Index of Appendix ........................................................................ 22

Appendix No. 1:  Default Judgment of December 19, 2017 .................. 24

Appendix No. 2:  Warren Gattenby's January 11, 2018
    Motion for New Trial after Default Judgment................................... 26

# INDEX OF AUTHORITIES

Cases

*Angelo v. Champion Restaurant Equip. Co.*, 713 S.W.2d 96, 98
(Tex. 1986) ............................................................................................. 21

*Boyes v. Morris Polich & Purdy, LLP*, 169 S.W.3d 448, 453–54
(Tex. App.– El Paso 2005, no pet.) ....................................................... 20

*Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669-70 (Tex. App.--Fort Worth
2001, pet. denied) .................................................................................. 18

*Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 276
(Tex. 1979) ............................................................................................. 12

*City of Laredo v. Montana*, 414 SW3d 731, 736 (Tex. 2013) ..................... 19

*Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987) .................................... 21

*Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450
(Tex. 1996) ............................................................................................. 12

*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126
(Tex. 1939) ..................................................................................... 4, 9, 11

*Diagnostic Clinic of Longview, P.A. v. Neurometrix, Inc.*, 260
S.W.3d 201, 205 (Tex. App.—Texarkana 2008, no pet.) ........................ 11

*Director, State Employees Workers' Comp. Div. v. Evans*, 889
S.W.2d 266, 268–69 (Tex. 1994) ............................................................ 13

*Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 927–928
(Tex. 2009) ............................................................................................. 16

*Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 405 (Tex. App.-
El Paso 2009, no pet.) ............................................................................ 18

*El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762, 764 (Tex. 2012) .............. 19

*Evans*, 889 S.W.2d at 270 ................................................................... 16, 21

*Fidelity & Guaranty Ins. Co. v. Drewery Construction Co.*, 186
S.W.3d 571 (Tex. 2006) ............................................................. 13, 14, 16

*Gardner v. Jones*, 570 S.W.2d 198, 201 (Tex. Civ. App.—Houston
[1st Dist.] 1978, no writ) ........................................................................ 19

*Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.–San Antonio 1998,
no pet.) .................................................................................................... 11

*Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) ....................................... 16

*Jackson v. Mares*, 802 S.W.2d 48, 50 (Tex. App.–Corpus Christi 1990,
writ denied) ............................................................................................. 14

*Jaco v. Rivera*, 278 S.W.3d 867, 873 (Tex. App.—Houston [14th Dist.]
2009, no pet.) .......................................................................................... 19

*Jaramillo v. Portfolio Acquisitions, LLC*, 2010 Tex. App. LEXIS 2219
(Tex. App. – Houston [14th Dist.] 2010, no pet.) .................................... 18
*Kinsel v. Lindsey*, 526 S.W.3d 411(Tex. 2017) ............................................ 19
*Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168
(Tex. 2008) .................................................................................. 13
*Long v. Griffin*, 442 S.W.3d at 255.............................................................. 20
*Miller v. Miller*, 903 S.W.2d 45, 47 (Tex. App.–Tyler 1995, no writ) ........ 12
*Moir v. Citibank (S. Dakota), N.A.*, 2010 Tex. App. LEXIS 4870 (Tex.
App. – Dallas 2010, no pet.)....................................................... 18
*Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.--Dallas
2005, no pet.)................................................................................ 18
*Norton v. Martinez*, 935 S.W.2d 898, 901 (Tex. App.–San Antonio
1996, no writ) ............................................................................. 12
*Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984)..................... 10, 13
*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 444-45
(Tex. 1993) .................................................................................. 17
*Titan Indem. Co. v. Old S. Ins. Group, Inc.*, 221 S.W.3d 703, 708 (Tex.
App.–San Antonio 2006, no pet.)................................................ 11
*Torrington Co. v. Stutzman*, 46 S.W.3d 829, 842 (Tex. 2000).................... 12
*Walker v. Guitierrez*, 111 S.W. 3d 56, 64 (Tex. 2003)................................ 13


Statutes

Texas Government Code, §22.201(f) ............................................................ 3

IN THE COURT OF APPEALS

FOR THE FIFTH DISTRICT OF TEXAS

AT DALLAS

_____

**WARREN GATTENBY**
Appellant

vs.

**TIB-THE INDEPENDENT BANK**
Appellee

_____

On Appeal from the 193rd District Court
Dallas County, Texas
Trial Court Cause No. DC-17-12078

_____

## STATEMENT OF THE CASE

*TO THE HONORABLE JUDGE OF SAID COURT:*

Appellant Warren Gattenby respectfully submits his Brief on the Merits and petition this Court to grant review of the default judgment of the 193rd District Court, Dallas County, Texas, regarding the issues presented concerning the requirements for vacating and setting aside a default judgment under the *Craddock* test and in support thereof, Petitioners respectfully show the Court the following:

*Nature of the case:*

This case involves the trial court's refusal to set aside a default judgment in a breach of contract case, on the defendant's motion for new trial.

*Trial Court:*

The 193rd Judicial District of Dallas County, Texas, the Honorable Carl Ginsberg presiding.

*Trial Court's Disposition*:

On December 19, 2017, a no-answer default judgment was rendered in favor of TIB-THE INDEPENDENT BANK awarding $16,935.87 as principal amount due and $3,000 as attorney's fees. On January 11, 2018, Gattenby filed a motion for new trial after default judgment. The Trial Court held a hearing on January 22, 2018, and entered an order denying Gattenby's motion on January 22, 2018.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to sections 22.201(f) of the Texas Government Code for the following reasons:

This appeal is from the 193rd Judicial District Court of Dallas County, Texas.

## ISSUES PRESENTED

Issue 1:    The Trial Court Abused its Discretion in Denying Gattenby's Motion for New Trial because He Satisfied All of the Requirements of *Craddock v. Sunshine Bus Lines, Inc.*

Sub-issue 1a: The Trial Court Correctly Concluded that Gattenby's failure to answer was not intentional, or the result of conscious indifference, but was due to a mistake or accident.

Sub-issue 1b:  The Trial Court Erred in Concluding that Gattenby's evidence of a meritorious defense was conclusory. There is evidence disputing TIB's standing to bring this claim; there is evidence disputing the amount of damages even if it does own the claim; and there is no evidence supporting the attorney's fees awarded to TIB in the Trial Court or on appeal.

Sub-issue 1c: There was testimony that granting a new trial would occasion no delay or otherwise work an injury to the plaintiff, and TIB never attempted to dispute that.

## STATEMENT OF FACTS

TIB-The Independent BankersBank [hereinafter "TIB"] alleged that Warren Gattenby opened credit card account number ending in -0108. TIB further alleged that Gattenby used or authorized use of the account. TIB alleged that it sent monthly statements to Gattenby, which statements itemized the transactions, charges, debits, credits, and/or payments to the account. TIB alleged that Gattenby ceased making payments on or about April 12, 2014, and that there was an unpaid balance of $16,935.87. It asserted causes of action for both breach of contract and account stated. (CR8). TIB also sought $3,000 attorney's fees in obtaining a judgment, $1500 if the bank successfully defends a pre-appeal attack on any judgment it obtained, $10,000 from an unsuccessful appeal to the Court of Appeals, and an additional $10,000 for an unsuccessful appeal to the Texas Supreme Court. (CR9).

The record shows that Gattenby was served on October 4, 2017 (CR 12), which would have made his answer due on October 30, 2017. The record shows that no answer was filed by that date.

However, the record also shows that no hearing was held to prove up the defendant's default. (CR 5-6). Instead, TIP filed a motion for default judgment and attached affidavits to support damages and attorney's fees. (CR 15-24). The sole evidence in support of damages was a business records affidavit by Darlene Pence,

Appellant's Brief - Page 5 of 23

which stated that she worked for TIB, but purported to authenticate a credit card bill issued by Town North Bank in the name of Warren Gattenby. There was no evidence explaining any connection between TIB and Town North Bank. (CR 17-18).

The sole evidence of attorney's fees is an affidavit by Christopher Deloney. The affidavit includes no information about Mr. Deloney's experience. It states that his hourly rate was $300.00, but includes no information about the hours spent or expected to be spent subsequent to the entry of judgment. It states that he took the case on a contingent fee, and includes no billing records or time information. The affidavit merely states that a reasonable fee for services prior to judgment were $3,000.00, for post-judgment services would be $1500.00, for appeal to the court of appeals and $10,000 for appeal to the Supreme Court. There is no explanation at all for why these particular fees are reasonable. (CR 19-20).

The district court then entered a default judgment in favor of TIB for all of the amounts requested. (CR 26).

Gattenby filed a motion for new trial which set up a meritorious defense. (CR 27). The defenses were supported by the affidavit of Warren Gattenby, who stated that that he had never opened an account with TIB, that he did not owe (a nonparty) Town North Bank the amount claimed on the statement (CR35-36).

Gattenby's attorney testified that the file contained no evidence of any assignment of the claim to TIB. (CR32).

The motion also asserted that Gattenby's failure to timely file an answer was due to a mistake, which was supported by the affidavits of attorney Robert M. Clark, and his wife, Kimberly Clark. (CR 32-34). Robert Clark stated in his affidavit that the failure to timely file an answer was his fault. Gattenby had been served on October 4, 2017 (which would make his answer due on October 30, 2017). Gattenby met with Clark at Clark's office on October 18, 2017, but did not retain him until he delivered a retainer to Clark's wife at Clark's personal residence on October 19, 2017. (CR31). The papers relating to Gattenby's case were then inadvertently paperclipped to the papers in another file, and as a result, no file was opened for Gattenby, and no answer was filed. (CR32). Kimberly Clark confirmed in her affidavit that she had accidentally paperclipped the Gattenby papers with papers from another file. (CR 34).

Finally, Gattenby's motion for new trial asserted that the granting of a new trial would not prejudice or otherwise injure TIB. (CR 29).

A hearing was held on the Motion on January 22, 2018 (RR1). The trial court heard no additional evidence at the hearing, but only legal argument. (RR 4-12).

The trial court conceded that a mistake had occurred and that the failure to answer was not due to conscious indifference. (RR 4).

However, the court proceeded to declare Gattenby's evidence of a meritorious defense to be conclusory, and denied the motion. (RR 12). This, despite plaintiff's counsel's admission that he had failed to allege or prove the connection between TIB and Town North Bank. (RR 9).

An order denying Gattenby's Motion for New Trial was signed on January 22, 2018, (CR 45), and a Notice of Appeal was filed February 19, 2018 (CR46).

The Trial Court abused its discretion in denying Gattenby's motion for new trial. It is well-established that a Trial Court abuses its discretion in not setting aside a default judgment when the defendant has satisfied the three requirements set forth in *Craddock v. Sunshine Bus Lines, Inc.*: (1) that the defendant's failure to answer was not intentional, or the result of conscious indifference, but was due to a mistake or accident; (2) that there is a meritorious defense; and (3) that granting a new trial will occasion no delay or otherwise work an injury to the plaintiff. The trial court conceded that the first element had been met, but held that Gattenby's testimony setting forth a meritorious defense was conclusory. The third element was never contested.

Gattenby's testimony that he had never opened an account with TIB, that he did not owe Town North Bank the amount claimed on the statement, and that he was aware of no assignment of the account from Town North Bank to TIB sets up no less than two meritorious defenses: that TIB lacked standing to bring the action, and that even if it did own the claim, the amount of damages claimed was wrong.

It was TIB's burden to establish its standing to bring this suit by proving that it owned the account sued upon. Their counsel admitted at the hearing on Gattenby's motion for new trial that he had failed to do that. Their evidence

showed an amount due to Town North Bank, and neither alleged nor proved any connection between TIB and Town North Bank.

Gattenby's statement that he did not owe Town North Bank the amount claimed on the statement is also sufficient to set up a meritorious defense. The law is clear that evidence disputing the amount of damages is sufficient to set up a meritorious defense under *Craddock* and would require a remand to prove up the correct amount of damages.

There is legally insufficient evidence to support the award of attorney's fees in the trial court and for any appeals. The attorney's affidavit states his hourly fee, but includes no evidence of the time spent or the time expected to be spent in the future. It includes no billing records and not even an estimate of the time spent. The affidavit simply states a bald conclusion as to the amount of fees pre-judgment, post- trial, on appeal to this court and on appeal to the supreme court, with no explanation whatsoever as to how those amounts were calculated.

<u>**ARGUMENT AND AUTHORITIES**</u>

**I. THE DISTRICT COURT ABUSED ITS DISCRETION IN FINDING THAT ANEW TRIAL WAS NOT WARRANTED UNDER *CRADDOCK***

A trial court's denial of a motion for new trial will not be disturbed on appeal absent a showing of abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). This Court has found that a trial court abuses its discretion in

failing to grant a new trial when the party seeking such relief has demonstrated that all three *Craddock* elements have been met. *See id.* at 38–39; *see also Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Pursuant to *Craddock*, the party seeking a new trial must demonstrate that: (1) its failure to appear "was not intentional, or the result of conscious indifference, but was due to a mistake or accident"; (2) there is a "meritorious defense"; and (3) granting a new trial "will occasion no delay or otherwise work an injury to the plaintiff." *Craddock*, 133 S.W.2d at 126.

The *Craddock* doctrine addresses a fundamental ideal of our legal system: the doors to the courthouse should not be shut on anyone without an exceptionally good reason. *Craddock*, 133 S.W.2d at 125–26. "It is a basic tenet of jurisprudence that the law abhors a default judgment because equity is rarely served by a default." *Diagnostic Clinic of Longview, P.A. v. Neurometrix, Inc.*, 260 S.W.3d 201, 205 (Tex. App.—Texarkana 2008, no pet.) (citing *Titan Indem. Co. v. Old S. Ins. Group, Inc.*, 221 S.W.3d 703, 708 (Tex. App.–San Antonio 2006, no pet.)); *see also Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex. App.–San Antonio 1998, no pet.). Instead, our legal system prefers decisions based on the merits of a case and, accordingly, the "historical trend has been toward the liberal granting of new trials." *Titan Indem. Co.*, 221 S.W.3d at 708; *see also Custom-Crete, Inc. v. K-Bar Servs.*, 82 S.W.3d 655, 658 (Tex. App.–San Antonio 2002, no pet.); *Norton v.*

*Martinez*, 935 S.W.2d 898, 901 (Tex. App.–San Antonio 1996, no writ); *Miller v. Miller*, 903 S.W.2d 45, 47 (Tex. App.–Tyler 1995, no writ).

In TIB's default judgment, the Trial Court provided no factual or legal basis for its ruling other than the boiler plate language that it had considered the pleadings and records in the file in this cause and the evidence…" which supported the judgment (CR25). Absent findings of fact and conclusions of law, the court of appeals must presume that the trial court made findings necessary to support its order if there is sufficient evidence to support such findings. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 842 (Tex. 2000) (citing *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 276 (Tex. 1979) ("When no findings of fact and conclusions of law are filed, the trial court's judgment implies all necessary supporting fact findings."). Where there is some evidence tending to support the trial court's conclusions, the trial court does not abuse its discretion in refusing to set aside the default judgment. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996). In this case there is no evidence to support the Trial Court's finding that Gattenby failed to satisfy the *Craddock* elements; therefore, the Trial Court abused its discretion by refusing to grant a new trial.

## II.   ELEMENTS OR PRONGS OF THE *CRADDOCK* TEST

**A.    The District Court Correctly Found that the First Element of the *Craddock* Test was Satisfied.**

Appellant's Brief - Page 12 of 23

The trial court correctly found that Gattenby's failure to file an answer a mistake and not conscious indifferent. RR13.

A defendant will satisfy the first element of the *Craddock* test if its factual assertions are uncontroverted and negate intent or conscious indifference. *See Walker v. Guitierrez*, 111 S.W. 3d 56, 64 (Tex. 2003); *see also Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268–69 (Tex. 1994) (in determining whether the first prong of the *Craddock* test has been met, a court "must consider the knowledge and acts of the defendant."). This Court has stated that "intentional or conscious indifference" is synonymous with the sentiment that "the defendant knew it was sued but did not care." *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 575–76 (Tex. 2006) (per curiam). Thus, the standard to demonstrate "intentional or conscious indifference" is more onerous than the "reasonable person" standard necessary to demonstrate negligence. *See Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168 (Tex. 2008); *see also Fidelity*, 186 S.W.3d at 575–76. To satisfy the first element of the *Craddock* test, a defendant's excuse "need not be a good one to suffice." *Fidelity*, 186 S.W.3d at 576.

In evaluating whether the first element of the *Craddock* test was satisfied, the Court must consider whether the evidence relating to Gattenby's actions was uncontroverted. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984) (Where

the factual allegations are not controverted, it is sufficient to set forth facts which, if true, would negate intentional or consciously indifferent conduct.); *see also Jackson v. Mares*, 802 S.W.2d 48, 50 (Tex. App.–Corpus Christi 1990, writ denied) (same).

Moreover, there is nothing in Mr. Clark's testimony, or anywhere else in the record, that even suggests the failure to answer was deliberate or the result of conscious indifference (CR31-33).

In *Fidelity & Guaranty Ins. Co. v. Drewery Construction Co.*, 186 S.W.3d 571 (Tex. 2006), the Supreme Court was called upon to examine the burden necessary to demonstrate conscious indifference under the first prong of the *Craddock* test in circumstances similar to those in the case at bar. In that case, Drewery Construction Company ("*Drewery*") obtained a default judgment against Fidelity and Guaranty Insurance Company ("*Fidelity*"). *Id.* at 573. After the default judgment was rendered, Fidelity filed a motion for new trial based on *Craddock* and attached four affidavits[1] to the motion. *Id.* The trial court denied the motion for new trial. *Id.* After coming to the conclusion that the four affidavits attached to Fidelity's motion were conclusory, the court of appeals affirmed the trial court's decision. *Id.* at 575. In support of its decision, the appellate court explained that

---

[1] The four affidavits demonstrated the following: (1) that Fidelity's registered agent had received the petition and citation; (2) the procedures by which Fidelity handled service papers; (3) that the procedures for handling service papers were not followed in the instant case; and (4) that Fidelity's agent did not remember receiving the service papers. *Fidelity*, 186 S.W.3d at 573.

there was "no affidavit from a person explaining how the citation was lost or where in the chain of communication a breakdown occurred" and that "a court cannot vacate a default judgment based only upon general allegations or conclusions." *Id.*

The Supreme Court of Texas reversed the court of appeals' decision. *Id.* at 576. In support of the reversal, the Court first disagreed that the four affidavits were not "general or conclusory" because the affidavits Fidelity attached to its Motion for New Trial "detail[ed] the procedures for handling service papers in general and what was known about *Drewery*'s papers in particular." *Id.* at 575. Moreover, the Supreme Court disagreed with the court of appeals that, to meet the first element of the *Craddock* test, a party must describe how the loss of a petition occurred. *See id.* ("People often do not know where or how they lost something – that is precisely why it remains 'lost.'"). While this Court acknowledged that "a conclusory statement that documents were 'lost' must *generally* be supported by some explanation from the person most likely to have seen the efforts made to find them," the court reiterated that "[a]n excuse need not be a good one to suffice." *Id.* at 575–576 (emphasis added). In line with this reasoning, this Court found that the uncontroverted affidavits Fidelity put forth demonstrated "neither intent nor indifference" and that "the trial court was not at liberty to disregard [the evidence]." *Id.* at 576.

The Supreme Court's decision in *Fidelity* demonstrates that the Trial Court did not abuse its discretion in holding that Gattenby satisfied the first element of the *Craddock* test.

The Trial Court in this case agreed that the above requirements were met when examining the facts of this case. More specifically, the court found that the failure to file an answer was a mere mistake (RR13).

The uncontroverted evidence demonstrates that Gattenby satisfied his burden to demonstrate a lack of intent or conscious indifference. Consequently, the Court should affirm the Trial Court's finding that Gattenby satisfied the first element of the *Craddock* test. Accordingly, this Court should find that the district court did not abuse its discretion in holding that Gattenby satisfied the first element of the *Craddock* test (RR13).

**B.     Gattenby Satisfied the Second Element of the *Craddock* Test**

The second element of the *Craddock* test requires a defaulting party to demonstrate a meritorious defense. *Evans*, 889 S.W.2d at 270. "Setting up a meritorious defense does not require proof 'in the accepted sense.'" *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 927–928 (Tex. 2009) (citing *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966))." Rather, a motion for default judgment will set up a meritorious defense "if it alleges facts which in law would constitute a

defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Id.*

Gattenby asserted facts that, if true, would negate TIB's cause of action on retrial (CR35). As noted above, in its petition, TIB alleged that it opened a credit account on October 11, 2013 at the request of and for Defendant. TIB claimed that Defendant used or authorized the use of the account. TIP also claimed to have generated and sent monthly statements to Gattenby which contained itemizations of transactions, charges, debits, credit and/or payments on the account. TIB claimed that Defendant ceased making payment on or about April 12, 2014.

Gattenby clearly controverted these allegations. First, he stated that he never had any financial or personal relationship with TIB. (CR35). TIB's own evidence only showed an account Gattenby had with Town North Bank, (CR 18), and they neither alleged nor attempted to prove any relationship between TIB and Town North Bank, or that TIB had acquired a claim to be derived from Town North Bank. Gattenby also testified that he was not aware of the Town North Bank account being transferred to TIB. (CR 35-6).

Standing, a necessary component of subject-matter jurisdiction, is a constitutional prerequisite to maintaining a suit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 444-45 (Tex. 1993). Standing cannot be waived and can, therefore, be raised for the first time on appeal. *Id.* at 445-46.

Only the party whose primary legal right has been breached may seek redress for an injury. *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.--Dallas 2005, no pet.). Without a breach of a legal right belonging to that party, that party has no standing to litigate. *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 669-70 (Tex. App.--Fort Worth 2001, pet. denied).

In order for TIB to have standing to sue to bring a cause of action for an unpaid credit card account, it must prove that it owns the account at issue. *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 405 (Tex. App.--El Paso 2009, no pet.); *Jaramillo v. Portfolio Acquisitions, LLC*, 2010 Tex. App. LEXIS 2219 (Tex. App. – Houston [14th Dist.] 2010, no pet.); *Moir v. Citibank (S. Dakota), N.A.*, 2010 Tex. App. LEXIS 4870 (Tex. App. – Dallas 2010, no pet.).

TIB's counsel conceded at the hearing on Gattenby's motion for new trial that he had failed to allege or prove the relationship between TIB and Town North Bank. (RR 9). TIB's lack of standing is a meritorious defense that justifies remanding this case.

In addition, Gattenby testified that he never owed the amount claimed by Town North Bank of Lawrenceville, Georgia (CR35). Disputing the amount of damages is sufficient to set up a meritorious defense under *Craddock*. In such cases, the amount of damages would have to be remanded. *Jaco v. Rivera*, 278

S.W.3d 867, 873 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Gardner v. Jones*, 570 S.W.2d 198, 201 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ).

Similarly, Robert Clark's affidavit set up a meritorious defense to the amount of attorney's fees awarded. He stated, correctly, that the evidence supporting the award of attorney's fees were entirely conclusory. TIB's fee affidavit simply asserted an amount of fees it claimed to be reasonable for services pre-judgment, post-judgment, on appeal to this Court and on appeal to the Supreme Court, with no evidence of the time spent on any task or the time expected to be spent on future tasks. (CR 19-20).

The Supreme Court of Texas has held that legally sufficient evidence "includes, at a minimum, documentation of the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762, 764 (Tex.2012); *see also Long v. Griffin*, 442 S.W.3d 253 (Tex. 2014)(per curiam); *see also City of Laredo v. Montana*, 414 SW3d 731, 736 (Tex. 2013); *accord: Kinsel v. Lindsey*, 526 S.W.3d 411(Tex. 2017). The proof must be sufficient to permit a court "to perform a meaningful review of their fee application." *El Apple I* at 764. This Court has said that if contemporaneous time records are not available, the attorneys involved should work to reconstruct them. *Id.* Generalities about tasks performed provide insufficient information for the fact tinder to meaningfully review whether

the tasks and hours were reasonable and necessary under the lodestar method. *Id.* at 763. In *City of Laredo v. Montano*, the Supreme Court likewise held that evidence of fees was insufficient where the party failed to provide evidence of the time devoted to specific tasks. *Id.*, 414 S.W.3d 731,736-37 (Tex.2013); *see also Long v. Griffin*, 442 S.W.3d at 255.

Under this standard, the testimony supporting the awards of legal fees to TIB in this case is legally insufficient.

Thus, Gattenby has established meritorious defenses. These statements are not merely conclusory allegations, but facts, supported by evidence, which demonstrate Gattenby's meritorious defense. *See Boyes v. Morris Polich & Purdy, LLP*, 169 S.W.3d 448, 453–54 (Tex. App.–El Paso 2005, no pet.). Taken as true, they would produce a different result on retrial of the case. Therefore, Gattenby has satisfied the second element of *Craddock*, and this case should be remanded for trial on the merits, or at least for a new trial on damages and attorney's fees.

### C. Gattenby Satisfied the Third Element of the *Craddock* Test

In order to satisfy the third element of the *Craddock* test, the defaulting party must establish that granting a motion for new trial would not occasion a delay or otherwise work an injury to the plaintiff. *Evans*, 889 S.W.2d at 268. Once it has been alleged that granting a new trial will not harm the plaintiff, the burden of going forward with proof of injury then shifts to the plaintiff. *Cliff v. Huggins*, 724

S.W.2d 778, 779 (Tex. 1987); *Angelo v. Champion Restaurant Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986). Equitable principles are involved and the court should handle the facts on a case by case basis. *Id.* Factors to consider in determining whether delay or injury will occur are: (1) whether the party has offered to reimburse the plaintiff for the costs involved in obtaining the default judgment; and (2) whether the party is ready, willing, and able to go to trial. *Evans*, 889 S.W.2d at 270.

Gattenby alleged that a new trial will cause neither injury nor delay to TIB. At that point, the burden was therefore shifted to TIB to demonstrate that a new trial would have done it injury. *See Cliff*, 724 S.W.2d at 779; *Angelo*, 713 S.W.2d at 98. TIB presented no evidence that a new trial would cause it to be injured. Thus, TIB has failed in its burden to demonstrate injury. Moreover, Gattenby has averred that he is ready to proceed to trial after discovery and willing to reimburse TIB for all reasonable expenses incurred in obtaining the default judgment (CR32). Consequently, Gattenby has satisfied the third and final element of *Craddock*, and this Court should reverse and remand for a trial on the merits.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Appellant Warren Gattenby respectfully prays that the Court the Trial Court's default judgment of December 19, 2017 be reversed and that the case be remanded to the trial court for trial. In

addition, Appellant Warrant Gattenby requests all such other and further relief to which he may justly be entitled.

Respectfully submitted,

*Robert M. Clark*

**ROBERT M. CLARK**
State Bar No. 04298200
**EDDLEMAN & CLARK**
4627 North Central Expressway
Knox Central Place, Suite 2000
Dallas, Texas 75205-4022
Phone 214.528.2400
Fax 214.528.2434
RMC@RobertMClark.net
Counsel for Appellants

### Certificate of Service

I certify that a true copy of the above Appellant's Brief was served through the electronic filing manager per the requirements of Rule 9.5 *Texas Rules of Appellate Procedure* on counsel for Appellee, R. Deloney at The DeLoney Law Group, 6440 N. Central Expressway, Suite 850, Dallas, TX 75206, Fax 214.573.7970, chris@deloneylawgroup.com on the 4th day of June, 2018.

*Robert M. Clark*

Robert M. Clark

### Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 5,436 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for indexes, footnotes and quotations which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*Robert M. Clark*

Robert M. Clark

Appellant's Brief - Page 22 of 23

## Index Of Appendix

Appendix No. 1:  Default Judgment of December 19, 2017 ......................................24

Appendix No. 2:  Warren Gattenby's January 11, 2018
    Motion for New Trial after Default Judgment......................................................26

| | | |
|---|---|---|
| TIB-THE INDEPENDENT BANKERSBANK<br>Plaintiff, | § § § § | IN THE DISTRICT COURT |
| VS. | § § § | 193RD JUDICIAL DISTRICT |
| WARREN GATTENBY<br>Defendant. | § § § § | DALLAS COUNTY, TEXAS |

## DEFAULT JUDGMENT

Defendant, although duly cited to appear and answer herein, has failed to file an answer within the time allowed by law.

The Court has considered the pleadings and records on file in this cause and the evidence and is of the opinion that judgment should be rendered for Plaintiff.

It is accordingly ADJUDGED that TIB-THE INDEPENDENT BANKERSBANK, Plaintiff, recover from WARREN GATTENBY, Defendant, judgment for-

1. $16,935.87 as the principal amount due;

2. $3,000.00 as reasonable and necessary attorney's fees;

3. Conditional award of reasonable and necessary attorney's fees as follows:

   a. $1,500.00 for defending any attacks on the judgment prior to any appeal;

   b. $10,000.00 for defending each unsuccessful attack upon the judgment in the Texas Court of Appeals;

   c. $10,000.00 for defending each unsuccessful attack upon the judgment in the Texas Supreme Court;

4. all costs of court; and

5. post judgment interest at the rate of five percent per year on the total judgment from the date of judgment until paid.

It is ORDERED that Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on ___Dec 19 2017___.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

By: _____
Christopher R. DeLoney
State Bar No. 24032126
chris@deloneylawgroup.com
William R. DeLoney
State Bar No. 00792455
bill@deloneylawgroup.com
The DeLoney Law Group, PLLC
6440 N. Central Expressway, Ste. 850
Dallas, Texas 75206
214-741-7911  Fax: 214-573-7970
Attorney for Plaintiff

**Default Judgment**
23091TIB-THE INDEPENDENT BANKERSBANK vs. WARREN GATTENBY

**Page 2**

Appendix No. 1

32

No. DC-17-12078

| | | |
|---|---|---|
| TIB-THE INDEPENDENT | * | In the District Court |
| BANKERSBANK | * | |
| | * | |
| v. | * | 193rd Judicial District |
| | * | |
| WARREN GATTENBY | * | Dallas County, Texas |

## MOTION FOR NEW TRIAL AFTER DEFAULT JUDGMENT

This Motion for New Trial after a Default Judgment is brought by Warren Gattenby, Defendant, who shows in support:

### I. FACTS

On September 13, 2017, Plaintiff TIB-The Independent BankersBank [hereinafter "TIB"] sued Warren Gattenby. On that date, it filed Plaintiff's Original Petition with Requests for Disclosure and Requests for Admissions. Defendant Gattenby had never had an account with Plaintiff and the petition did not indicate that the claim was based upon an assignment.

On October 4, 2017, the Original Petition in this case was served on Defendant. Fourteen days later, on Wednesday, October 18, 2017, Defendant Gattenby had an appointment with attorney Robert M. Clark regarding defending this case. The meeting was held at Mr. Clark's law office at 4627 North Central Expressway, Dallas, Texas. Mr. Gattenby was quoted a fee but did not retain Mr. Clark on that day. However, on the next day, Mr. Gattenby's wife, Jackie, dropped off the agreed $1500 retainer in cash to Mr. Clark's wife, Kimberly Clark, at the attorney's home at 4306 Rawlins Street, Dallas, Texas as Mrs. Gattenby had been requested. This is because Mr. Clark was in mediation on that day and was not at his office.

However, purely by mistake, a file was never opened and, therefore, an answer was never filed on the answer date which occurred on October 30, 2017. This is because the

Motion for New Trial After a Default Judgment - Page 1 of 8

only documents regarding this case in Clark's possession were inadvertently paper clipped to the papers in another file.

On December 18, 2017, Plaintiff filed a Motion for Entry of Default Judgment which was internally inconsistent in that it and its attached November 13, 2017 affidavit of Darlene Pence failed to connect Plaintiff to the alleged original lender, Town North Bank of Lawrenceville, Georgia. Furthermore, the attorney's fee affidavit was wholly conclusory. The Court signed the proposed default judgment on December 19, 2017. Within three or four days, Defendant Gattenby received notification from the court, and he notified Attorney Clark on December 26, 2017. This Motion for New Trial after Default Judgment has been timely filed.

## II. ARGUMENT

Defendant Gattenby's failure to answer was not intentional, but was accidental as described below. Gattenby brings this action by way of petition and motion pursuant to *Texas Rules of Civil Procedure* 329(a) and asks this Court to grant a new trial.

Warren Gattenby has a meritorious defense to the cause of action alleged in this case in that he never received a loan or any funds from Plaintiff and the attorney fees requested are conclusory. The granting of a new trial would not injure Plaintiff. Justice will not be properly served unless a new trial is granted.

Defendant attaches affidavit to this motion as Exhibit A to establish facts not apparent from the record and incorporates them by reference.

## III. MISTAKE OR ACCIDENT

When a defendant does not file an answer because of a mistake or an accident, the court should set aside the default judgment and grant a new trial if the defendant can meet the requirements of *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). *Craddock* requires the defendant to do all of the following:

a.   Demonstrate that the failure to file an answer was not intentional or the result of conscious indifference, but was a mistake or an accident. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993); *Craddock*, 133 S.W.2d at 126. The mistake and inadvertence in this default judgment was by Defendant's counsel. The file was never opened as the payment for the retainer was made at defense counsel's home in cash.

b.   Set up a meritorious defense. *In re R.R.*, 209 S.W.3d at 114; *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966); *Craddock*, 133 S.W.2d at 126. Defendant must allege facts that constitute a defense to plaintiff's cause of action and must support the allegations with affidavits or other evidence that set up, not prove, a prima facie defense. *Estate of Pollack*, 858 S.W.2d at 392; *Ivy*, 407 S.W.2d at 214. Defendant has never had any business or professional relationship with Plaintiff, nor has he made purchases with Plaintiff's card. The filings contain no indication of an assignment and, therefore, is internally inconsistent.

c.   Demonstrate that granting a new trial will not cause delay or otherwise injure plaintiff. *In re R.R.*, 209 S.W.3d at 114-15; *Craddock*, 133 S.W.2d at 126. In this case, no witnesses are unavailable or was there any loss of evidence.

The court should grant a new trial because defendant's failure to answer was not intentional, but was accidental. Specifically, there was a clerical mistake and this inadvertence in the defense counsel's office in that the file was misplaced causing the answer to not be timely filed. This was an accident and not intentional. Defendant Gattenby is, thereby, wholly free of responsibility or knowledge that an answer had not been timely filed. *See Lowe v. Lowe*, 971 SW2d 720, 723 (Tex. App. – Houston [14th Dist.] 1998, pet. denied); *Hahn v. Whiting Petroleum Corp.*, 171 SW3d 307, 310 (Tex. App. – Corpus Christi, 2005, no pet.).

The court should grant a new trial because defendant has a meritorious defense. Specifically, the Defendant does not owe the monies being sued for. Defendant has never had a financial relationship with Plaintiff and there is no indication in the filings of any assignment.

The court should grant a new trial because a new trial will not cause delay or prejudice Plaintiff or otherwise injure plaintiff. There is no loss of witnesses or other valuable evidence and very little time has passed since the date of judgment. Defendant is ready for trial

and willing to reimburse plaintiff for all reasonable expenses incurred in obtaining the default judgment.

**PRAYER**

For these reasons, and in the interest of justice and fairness, Defendant asks the court to set aside the default judgment signed on December 19, 2017, to strike the deemed admissions that were contained in the Plaintiff's Original Petition to allow the Defendant to respond to the requests, and to grant a new trial.

Respectfully submitted,

**EDDLEMAN & CLARK**
4627 North Central Expressway
Knox Central Place, Suite 2000
Dallas, Texas  75205-4022
Phone 214.528.2400
Fax 214.528.2434
RMC@RobertMClark.net

_____

**ROBERT M. CLARK**
State Bar No. 04298200
Attorney for Defendant

**Certificate of Service**

I certify that a true copy of the above was served on counsel for Plaintiff, Christopher R. Deloney at The DeLoney Law Group, 6440 N. Central Expressway, Suite 850, Dallas, TX  75206, Fax 214.573.7970 in accordance with Rule 21a of the *Texas Rules of Civil Procedure* on the 11th day of January, 2018.

_____
Robert M. Clark

---

STATE OF TEXAS         *

                              *          **<u>AFFIDAVIT</u>**

COUNTY OF DALLAS     *

**BEFORE ME**, the undersigned authority, on this day personally appeared Robert M. Clark, known to me to be the person whose signature is set forth herein, and who being by me duly sworn, on oath states:

"My name is Robert M. Clark. I am over eighteen (18) years of age. I am a resident of Dallas County, Texas and am fully competent to make this affidavit.

I have read the foregoing Motion for New Trial after a Default Judgment, and it is true and correct. Defendant's failure to answer was not intentional, but was accidental. Specifically, there was a clerical mistake in my office and in my home in that the file was misplaced causing the answer to not be timely filed as described below. The facts set forth therein are within my personal knowledge and the same are true and correct and are also based upon the filings in this case.

On September 13, 2017, Plaintiff TIB-The Independent BankersBank [hereinafter "TIB"] sued Warren Gattenby. On that date, it filed Plaintiff's Original Petition with Requests for Disclosure and Requests for Admissions. Defendant Gattenby had never had an account with Plaintiff and the petition did not indicate that the claim was based upon an assignment.

On October 4, 2017, the Original Petition in this case was served on Defendant. Fourteen days later, on Wednesday, October 18, 2017, Defendant Gattenby attended an appointment with attorney Robert M. Clark regarding defending this case. The meeting was held at Mr. Clark's law office at 4627 North Central Expressway, Dallas, Texas. Mr. Gattenby was quoted a fee but did not retain Mr. Clark on that day. However, on the next day, Mr. Gattenby's wife, Jackie, dropped off the agreed $1500 retainer in cash to Mr. Clark's wife, Kimberly Clark,

---

Motion for New Trial After a Default Judgment - Page 5 of 8

at the attorney's home at 4306 Rawlins Street, Dallas, Texas as Mrs. Gattenby had been requested. This is because Mr. Clark was in mediation on that day and was not at his office.

However, purely by mistake, a file was never opened and, therefore, an answer was never filed on the answer date which occurred on October 30, 2017. This is because the only documents regarding this case in Clark's possession were inadvertently paper clipped to the papers in another file.

On December 18, 2017, Plaintiff filed a Motion for Entry of Default Judgment which itself was internally inconsistent in that it and its attached November 13, 2017 affidavit of Darlene Pence failed to connect Plaintiff to the alleged original lender, Town North Bank of Lawrenceville, Georgia. Furthermore, the attorney's fee affidavit was wholly conclusory. The Court signed the proposed default judgment on December 19, 2017. Within three or four days, Defendant Gattenby received notification from the court, and he notified Attorney Clark on December 26, 2017. This Motion for New Trial after Default Judgment has been timely filed.

Warren Gattenby has a meritorious defense to the cause of action alleged in this case in that he never received a loan or any funds from Plaintiff, had no relationship with TIB, there is no evidence of any assignment of the claim to TIB. Furthermore, the attorney fees requested are conclusory. The court should grant a new trial because a new trial will not cause delay or prejudice Plaintiff or otherwise injure Plaintiff. There is no loss of witnesses or other valuable evidence and very little time has passed since the date of judgment. Defendant is ready for trial and willing to reimburse Plaintiff for all reasonable expenses incurred in obtaining the default judgment. Justice will not be properly served unless a new trial is granted."

Further, Affiant sayeth not.

_____
Robert M. Clark

**SUBSCRIBED and SWORN** to before me, the undersigned authority, on this the 2nd day of January, 2018, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC in and for
the State of Texas

Betty Kerss Groezinger
Notary Public
State of Texas
My Commission Expires
07/06/2019

STATE OF TEXAS     *

         *    **AFFIDAVIT OF KIMBERLY K. CLARK**

COUNTY OF DALLAS   *

    **BEFORE ME**, the undersigned authority, on this day personally appeared Kimberly K. Clark, known to me to be the person whose signature is set forth herein, and who being by me duly sworn, on oath states:

    "My name is Kimberly K. Clark. I am over eighteen (18) years of age. I am a resident of Dallas County, Texas and am fully competent to make this affidavit.

    I have read the foregoing Motion for New Trial after a Default Judgment and the facts therein are correct. Since Robert M. Clark was in mediation and unavailable, on Thursday, October 19, 2017, Mr. Gattenby's wife, Jackie, dropped off a cash retainer of $1500 for Robert M. Clark at our home at 4306 Rawlins Street, Dallas, Texas. I received the payment and provided a receipt to Jackie Gattenby. However, due to a clerical mistake by myself, the case papers were accidentally paper clipped to a different file and the answer was not calendared or filed. This was no fault of Warren Gattenby but an accident in our office. The facts set forth herein are within my personal knowledge and the same are true and correct.

                _Kimberly K. Clark_
                Kimberly K. Clark

    **SUBSCRIBED and SWORN** to before me, the undersigned authority, on this the 2nd day of January, 2018, to certify which witness my hand and seal of office.

                _Betty Kerss Groezinger_
                NOTARY PUBLIC in and for
                the State of Texas

Betty Kerss Groezinger
Notary Public
State of Texas
My Commission Expires
07/06/2019

STATE OF TEXAS      *

                            *       **<u>AFFIDAVIT OF WARREN GATTENBY</u>**

COUNTY OF DALLAS    *

**BEFORE ME**, the undersigned authority, on this day personally appeared Warren Gattenby, known to me to be the person whose signature is set forth herein, and who being by me duly sworn, on oath states:

"My name is Warren Gattenby. I am over eighteen (18) years of age. I am a resident of Dallas County, Texas and am fully competent to make this affidavit.

On October 4, 2017, I was served with Plaintiff's Original Petition with Requests for Disclosure and Requests for Admission. The petition which I was served with was from a Plaintiff TIB-The Independent BankersBank [hereinafter TIB], who I had never had any financial or personal relationship. The petition did not indicate that the claim was based upon an assignment, although the attached statement indicated that the claimed debt was connected with a Town North Bank of Lawrenceville, Georgia. On October 18, 2017, I had an appointment with attorney Robert M. Clark at his office about defending this case. I was quoted a retainer fee of $1500, which I caused to be delivered by my wife Jackie to Mr. Clark's home the next day.

A little over two months later, I received from the 193rd Judicial District Court Clerk a notice of judgment in this case. Within a few days, I provided the notice to Mr. Clark.

I never had any financial or any other type of relationship with TIB and never owed the amount which might be claimed to be derived from Town North Bank of Lawrenceville, Georgia. There has been little or no delay in this case which would otherwise injure Plaintiff if the default is set aside and a new trial on the merits is granted."

Further, Affiant sayeth not.

Affidavit of Warren Gattenby  - Page 1 of 2

_Warren Gattenby_

**SUBSCRIBED and SWORN** to before me, the undersigned authority, on this the 10th day of January, 2018, to certify which witness my hand and seal of office.

KEVIN R GRANTHAM
Notary Public, State of Texas
Comm. Expires 11-13-2019
Notary ID 13043957-8

NOTARY PUBLIC in and for
the State of Texas
COUNTY OF DALLAS

Affidavit of Warren Gattenby - Page 2 of 2